IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NUMBER:

DASHONA JOHNSON,

    Plaintiff,

v.

TUTOR PERINI CORPORATION,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DASHONA JOHNSON ("JOHNSON"), hereby sues the Defendant, TUTOR PERINI CORPORATION ("TUTOR"), and states as follows:

### INTRODUCTION

1. This is an action against the Defendant, TUTOR, for damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

### PARTIES

2. Plaintiff, JOHNSON, is a female who resides in Greenacres, Florida. At all times material hereto, JOHNSON was employed by Defendant TUTOR and was an employee as defined by the Title VII.

3. Defendant, TUTOR, is a Massachusetts corporation with its principal place of business in Sylmar, California; however, it is registered to do business in Florida, and is in fact doing business in Fort Lauderdale, Broward County, Florida. As such, it is subject to the jurisdiction of this Court. Defendant is an employer within the meaning of 42 U.S.C. § 2000e-(b).

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. § 1331 and 1343(4).

5. On May 12, 2023, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Suit Rights (attached hereto as Exhibit "A"), based on Plaintiff's timely filed charge of discrimination based on sex/gender (attached hereto as Exhibit "B"). The charge of discrimination was filed on or about May 1, 2023. This complaint was filed within 90 days of Plaintiff's receipt of the Notice of Suit Rights.

6. Plaintiff has completed all conditions precedent to this action. The attached Charge of Discrimination was filed with EEOC within 300 days of the commission of the unlawful employment practices alleged herein.

## VENUE

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and 42 U.S.C. § 2000e-5(f)(3), as the unlawful employment practices were committed in this district.

## FACTUAL ALLEGATIONS

8. Defendant is a construction company providing services throughout the country, including various projects throughout South Florida.

9. Plaintiff began working for Defendant on or about July 5, 2016 as a "laborer."

10. Beginning in August 2018, Plaintiff was subjected to different terms and conditions of employment and denied promotions and/or benefits based upon her gender.

11. In August 2018, the Defendant placed Plaintiff in charge of 12 to 15 other laborers from the labor pool and she was responsible for overseeing the work they performed for the Defendant.

12. Similarly situated men who were employed in the company to perform those same job duties were given the title of "Labor Foreman" or "Superintendent" and received compensation and benefits commensurate with that title.

13. On January 20, 2022, while the Plaintiff was on a job site, she had a knife pulled on her by a third party. The person who pulled the knife was arrested and a police report was filed. The Plaintiff requested additional security at the worksite, but the Defendant refused to take any further action in securing the work site.

14. However, in late 2021, a male subcontractor who was performing work for the Defendant on another job site, had a knife pulled on him. Following that incident, the Defendant hired a Miami police officer to sit at the job site and provide security.

15. The Plaintiff was treated less favorably than a male subcontractor.

16. In September of 2022, after years of performing supervisory job duties, the Plaintiff requested a promotion/change in title to Foreman and to be given a raise commensurate with the additional job duties she was performing.

17. In addition, the Plaintiff asked to be provided with a company truck or gas allowance since she was required to drive her own vehicle from work site to work site.

18. The Plaintiff was told by human resources that there was no Foreman position and that company vehicles were only for Superintendents.

19. In December 2022, during a meeting with her supervisor Neil Baker and the former human resources manager, Nancy Swallow, the Plaintiff again inquired about a labor Foreman position. She was again told that there were no Foreman positions available "at that time."

20. On April 1, 2023 two employees from another job came to the site being managed by the Plaintiff. One of the individuals, Carlton Hammond, a laborer, was driving a company truck.

21. Plaintiff contacted human resources to find out Mr. Hammond's title and she was told that he was a Foreman, even though the Defendant previously claimed there were no Labor Foreman positions.

22. As of May 1, 2023 when the charge of discrimination was filed, the Plaintiff was still performing those duties of a Labor Foreman without the title, without an increase in her rate of pay, and without being provided a company vehicle to drive.

23. However, between 2018 and 2022, Plaintiff was never given the opportunity to apply for or be considered for the Foreman position. Yet, Defendant employed Carlton Hammond as labor Foreman.

24. In addition, during her employment, the Plaintiff operated a forklift and asked to be compensated at the higher rate of pay given to male forklift operators. However, the Defendant denied the Plaintiff's request for a higher rate of pay/pay differential.

25. Plaintiff consistently complained about the discriminatory treatment, but nothing was done to remedy the situation.

26. After several months of asking to be treated the same as her male co-workers, Plaintiff could no longer tolerate the disparate treatment and was ultimately constructively discharged from her employment on June 20, 2023.

27. Throughout her employment, Plaintiff's gender was the reason and/or motivating reason for all adverse actions taken against by way of denial of pay raises and promotions and/or for the differential treatment.

**COUNT I -VIOLATION OF TITLE VII GENDER/SEX DISCRIMINATION**

28. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

29. Defendant, discriminated against Plaintiff on the basis of her sex/gender in the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2.

30. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Plaintiff's protected civil rights.

31. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

32. As a direct result of the discriminatory conduct of Defendant, the Plaintiff, JOHNSON, has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant TUTOR and:

a. Direct the Defendant to make Plaintiff whole by providing her with appropriate lost earnings and employment benefits, with prejudgment interest, in amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

  b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses, including but not limited to costs of seeking new employment, in amounts to be proven at trial;

  c. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain, suffering, and mental anguish in amounts to be proven at trial;

  d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

  e. Direct the Defendant to pay the reasonable costs and attorney's fees under 42 U.S.C. § 2000e-5(k) in connection with this action.

  f. Grant such further relief as the Court deems necessary and proper.

Plaintiff demands a jury trial on all issues so triable.

## DEMAND FOR JURY TRIAL

33. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated August 10, 2023.

      /s/ Barbra A. Stern
      Barbra A. Stern, Esquire
      Fla. Bar No. 526576
      Law Offices of Barbra Stern PA
      808 E. Las Olas Blvd. Suite 102
      Fort Lauderdale, FL 33301
      Phone: (954) 743-4710
      Direct Dial (954) 239-7249
      barbra@sternlawoffice.com
      **ATTORNEY(S) FOR PLAINTIFF**